IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GILL JAROME WHITE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-0038 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody.  On March 1, 2016, petitioner was ordered to submit a form petition which he did on March 16, 2016.

Petitioner was convicted in Harris County, Texas for the offense of aggravated robbery with a deadly weapon.  Petitioner states a 75-year sentence in the Texas Department of Criminal Justice (TDCJ) was imposed on February 12, 1990.  Petitioner states he filed a state habeas corpus action on September 2, 2015 and it was denied on September 16, 2015.  Petitioner states he filed a federal habeas application sometime in 1992 or 1993.  Petitioner argues the instant habeas application should not be considered successive because it is filed pursuant to §2241, not §2254, and because the basis for the current claim he asserts was not previously available.

Petitioner states the instant habeas application concerns a conviction, a sentence, and jail or prison conditions.  Petitioner WHITE argues the adverse psychological effects resulting from his

long-term confinement in prison violates his rights under the Eighth and Fourteenth Amendments. Specifically, petitioner WHITE states his confinement in hostile and at times potentially dangerous prison conditions has led to an adverse psychological effect namely, a mood disorder and major depression, for which he is being treated with anti-psychotic and anti-depressant medications. Petitioner explains he had no history of any psychiatric related condition prior to his incarceration.

Petitioner requests this Court vacate his sentence and set it aside as void. Alternatively, petitioner states he has been eligible for parole release since August 14, 2014. Although petitioner acknowledges that under normal circumstances parole is a privilege and not a right creating a liberty interest, he argues the abnormal conditions of his confinement have created a liberty interest and that he should be discharged and released. Petitioner also seeks admission to the Jester IV Unit  or the Montford Unit, both of which are TDCJ psychiatric facilities, for participation in their follow-up therapy program prior to his release on parole.

On May 20, 2016, the undersigned entered an Order in which two of petitioner's three claims were severed into another cause number as Title 42 U.S.C. §1983 claims. Petitioner's third claim, asserting petitioner's motion to vacate his sentence and set it aside as void was maintained in this cause of action because, "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973).

Petitioner WHITE has not raised facts and/or evidence sufficient to show that his incarceration has in fact caused any adverse psychiatric issues that rise to such a level so as to violate his constitutional rights against cruel and unusual punishment. However, even if the Court were to assume petitioner has met this hurdle, petitioner would not be entitled to release either from the prison or by way of a transfer to a psychiatric facility. Instead, the remedy would be removal of

any restraints making his custody illegal.  *Preiser v. Rodriguez*, 411 U.S. 475 at 499.  *See also  Cook v. Hanberry,* 596 F.2d 658, 660 (5th Cir.1979) ("Assuming *arguendo* that his allegations of mistreatment demonstrate cruel and unusual punishment, the petitioner still would not be entitled to release from prison. The appropriate remedy would be to enjoin continuance of any practices or require correction of any conditions causing him cruel and unusual punishment.").

Petitioner stated in his habeas petition that he has been diagnosed with a mood disorder and major depression (Dkt. 5 at 5) and he has provided the Court with an exhibit entitled "EMR Medication Print Pass" which shows that the prison facility has provided him with treatment for his mental condition including medications which he has labeled as "anti-depressant," "anti-psychotic" and "psych."  (Dkt. 5 at 16).  Petitioner has failed to show that the prison is incapable of providing or has failed to provide psychiatric treatment suitable to alleviate any Constitutional violation.

Petitioner's claims which were severed into a civil rights case remain pending.  The resolution of those claims will have an impact on any cause of action sounding in habeas.  As such, it is the opinion of the undersigned that this habeas case should be DISMISSED without prejudice and that petitioner shall not be barred from re-filing a habeas claim if, in fact, the disposition of his §1983 claims is favorable to him.[1]

## RECOMMENDATION

Petitioner has failed to present any cognizable or meritorious claim warranting federal habeas corpus relief.  Therefore, it is the RECOMMENDATION of the United States Magistrate

---

[1]The Court is aware of the bar to civil rights litigation set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).   Any section 1983 claim which attacks or casts into doubt the constitutionality of a conviction does not accrue until that conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." In this case, petitioner's conviction is not being called into question.  This habeas action does not attack an underlying conviction, but relates instead to the constitutionality of petitioner's continued incarceration.  *Heck v. Humphrey* therefore does not bar petitioner's prosecution of his pending §1983 civil rights lawsuit.

Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person

in State Custody filed by petitioner GILL JAROME WHITE, be DISMISSED WITHOUT

PREJUDICE.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   10th   day of June 2016.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* <b><u>NOTICE OF RIGHT TO OBJECT</u></b> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).